**NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abisuk Sinsaeng,<br><br>           Petitioner,<br><br>v.<br><br>Loretta Lynch, *et al.*,<br><br>           Respondents. | No. CV-15-00701-PHX-SRB<br><br>**ORDER** |

The Court now considers Petitioner Abisuk Sinsaeng's Petition for Writ of Habeas Corpus ("Writ") (Doc. 1). The matter was referred to Magistrate Judge Eileen S. Willett for a Report and Recommendation and she recommended that the Motion be denied. (Doc. 15, Report and Recommendation ("R & R").) Petitioner filed his objections to the Report and Recommendation. (Doc. 16, Obj. to R & R.) Having reviewed the record de novo, the Court adopts the Report and Recommendation and denies the Petition.

## I.    BACKGROUND

The background of this case was summarized in the Report and Recommendation and is incorporated herein:

> Petitioner was born in Thailand. In 1983, at the age of nine, Petitioner became a lawful permanent resident in the United States. (Doc. 1-3 at 8; Doc. 13-1 at 7.) While living in the State of California, Petitioner received criminal convictions in two separate cases.
>
> Petitioner received his first criminal conviction in 2001. The California Superior Court, County of Sacramento, found Petitioner guilty on one count of simple battery. The court sentenced Petitioner to (i) forty-five days in jail; (ii) a three-year term of probation; and (iii) fifty-two weeks of anger management classes. (Doc. 1-3 at 15.)

>In 2007, the California Superior Court, County of Sacramento, convicted Petitioner of (i) annoying and molesting a child; (ii) sexual battery; and (iii) four counts of preventing or dissuading a victim or a witness. (*Id*. at 2.) The court sentenced Petitioner to nine years in prison. (*Id*.)
>
>The California Department of Corrections determined that Petitioner would be released in June 2012. Before Petitioner was released, ICE initiated removal proceedings against Petitioner pursuant to Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, which is codified at 8 U.S.C. § 1227(a)(2)(A)(iii). (Doc. 13-1 at 12.) In 2012, the California Department of Corrections released Petitioner directly to ICE custody. (*Id*.)
>
>On December 18, 2012, an Immigration Judge ("IJ") ordered Petitioner removed from the United States to Thailand. (*Id*. at 23.) After the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal, Petitioner filed a Petition for Review in the Ninth Circuit Court of Appeals. (*Id*. at 27-36.) The Ninth Circuit granted Petitioner's motion for stay of removal. (*Id*. at 32.) The Petition for Review is pending as of the date of this Report and Recommendation.
>
>In August 2013, ICE issued a decision ordering the continued detention of Petitioner pending resolution of the Petition for Review. (*Id*. at 12-13.) In December 2013, an IJ conducted a hearing to determine whether Petitioner should be released on bond. (Doc. 1-3 at 2-6.) The IJ found that Petitioner posed a present danger to the community and denied Petitioner's release. (*Id*.) The BIA dismissed Petitioner's appeal of the IJ's decision. (Doc. 13-1 at 38.) In August 2014, ICE informed Petitioner that he would remain in custody while his Petition for Review is pending before the Ninth Circuit. (*Id*. at 40-41.) Petitioner is currently in custody at the Eloy Detention Center in Eloy, Arizona.

(R & R at 2-3.)

On April 17, 2015, Petitioner filed this Petition seeking habeas relief. (Writ at 2.) In this Petition, Petitioner raised six arguments: (1) the IJ's denial of bond based exclusively on Mr. Sinsaeng's past criminal convictions violated his due process, (2) the IJ and the BIA failed to provide an individualized hearing violating his due process, (3) the IJ and BIA failed to meaningfully consider all relevant evidence violating his due process, (4) the IJ and BIA violated his statutory rights by not giving meaningful consideration to his supporting evidence, (5) the IJ and BIA violated his regulatory rights by not considering material and relevant evidence, and (6) the IJ's failure to meaningfully consider all relevant *Guerra* factors constitute a legal and constitutional error. (Writ at 11-18.) The Report and Recommendation concluded that each of Petitioner's grounds lacked merit and recommended that the Court deny the Motion. (R & R at 9-22.)

Petitioner timely filed objections to the Report and Recommendation.

## II. LEGAL STANDARD AND ANALYSIS

A district court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). A court need review only those portions objected to by a party, meaning a court can adopt without further review all unobjected to portions. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Petitioner brings this action pursuant to 28 U.S.C. § 2241, which authorizes the district court to grant habeas relief whenever an individual is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). While an IJ's discretionary decision to deny bond is not subject to judicial review, a district court may review "bond hearing determinations for constitutional claims and legal error." *Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011). Section 1226(a) provides the Attorney General with discretionary authority to detain a petitioner or release him on bond or conditional parole pending the completion of removal proceedings. 8 U.S.C. § 1226(a). In making a bond decision under § 1226(a), an IJ "must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *Matter of Guerra*, 24 I & N Dec. 37, 40 (BIA 2006) (citing *Matter of Patel*, 15 I & N Dec. 666 (BIA 1976)). An IJ may also consider any number of discretionary factors, including:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee persecution or otherwise escape authorities, and (9) the alien's manner of entry to the United States.

*Id.*

1   Aliens, like Petitioner, who face prolonged detention while their petitions for review are pending before the Ninth Circuit are entitled to *Casas* bond hearings to establish whether their release would present a danger to the community or a flight risk. *Casas–Castrillon v. Dep't of Homeland Security*, 535 F.3d 942, 951 (9th Cir. 2008). The Ninth Circuit has established the following procedural requirements for *Casas* hearings: (1) the government must provide contemporaneous records of the hearing; (2) the IJ must place the burden of proof on the government; (3) the government must prove by clear and convincing evidence that the continued detention is justified; and (4) the alien's criminal history alone may be insufficient to meet the dangerousness standard that must be met to deny bond and justify detention, but the government need not establish "special dangerousness" to justify denying bond. *Singh*, 638 F.3d at 1203-09.

Petitioner argues that the IJ did not afford the proper weight to his supportive evidence. (Writ at 11-18.) Magistrate Judge Willett found that the IJ provided clear and convincing evidence to support his dangerousness finding and considered all evidence when considering the *Guerra* factors. (R & R at 13-21.) Petitioner objects to Magistrate Judge Willetts' recommendation that the Court deny his writ of habeas corpus because (1) Judge Willett failed to meaningfully consider Petitioner's rehabilitation efforts because they occurred in a controlled environment, (2) her finding that the IJ and BIA satisfied his due process rights "by mentioning [his] significant probative evidence without giving it meaningful consideration," and (3) Judge Willett's finding that the IJ and BIA's failure to consider relevant *Guerra* factors comports with due process requirements. (Obj. to R & R at 2.)

While criminal history alone may not always be sufficient to justify bond for dangerousness, an IJ may do so if he makes sufficient factual findings. *See Singh*, 638 F.3d at 1206. The IJ noted the rehabilitative steps Petitioner took and concluded that even in light of those steps, he was still a danger noting that Petitioner "demonstrated a complete disregard for fellow human beings and the law" because despite receiving domestic violence treatment for his 2001 offense, he was convicted in 2006 of annoying

and molesting a child and preventing or dissuading a victim from testifying. (Doc. 1-3 at 5); *In Re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) ("An Immigration Judge has broad discretion in deciding the factors that he or she may consider in custody redeterminations. The Immigration Judge may choose to give greater weight to one factor over others, as long as the decision is reasonable."). While Petitioner has strong family ties, has resided in the United States since he was a child, and had numerous positive work recommendations while incarcerated; Petitioner did not seek alcohol or sexual abuse counseling nor did his positive home environment prevent him from committing the crimes at issue here. (Doc. 1-3 at 41-43.) These facts provide clear and convincing evidence for a dangerousness finding. Therefore, the record establishes that Petitioner's December 2012 *Casas* bond hearing was legally sufficient, and his continued detention does not violate statutory or constitutional law.

### III. CONCLUSION

Having reviewed the record de novo, the Court concludes that the Report and Recommendation is supported by the record and proper analysis. The Court adopts the Report and Recommendation and denies the Motion.

**IT IS ORDERED** overruling the Objections to the Magistrate Judge's Report and Recommendations (Doc. 16).

**IT IS FUTHER ORDERED** adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court (Doc. 15).

**IT IS FURTHER ORDERED** denying Verified Petition for Writ of Habeas Corpus (Doc. 1).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**IT IS FURTHER ORDERED** denying any Certificate of Appealability and leave to proceed in forma pauperis on appeal. The dismissal of the Petition is justified because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 3rd day of May, 2016.

_____
Susan R. Bolton
United States District Judge